## THE PEOPLE OF THE TERRITORY OF UTAH, RESPONDENT, v. RICHARD J. OLIVER, APPELLANT.

CRIMINAL LAW.—ABSENCE OF WITNESS INDORSED ON INDICTMENT.—
Where a witness is beyond the reach of process of court though
witness' name, be indorsed on the indictment as a witness for
prosecution in a criminal action, and evidence of other witnesses
seems to have given the material facts, no error is committed by
the court in overruling a motion to compel prosecution to pro-
duce witness or to dismiss prosecution.

APPEAL from a judgment of the third district court.
The opinion states the facts.

*Mr. Arthur Brown*, for the appellant.

*Mr. W. H. Dickson*, for the respondent.

APPEAL from a judgment of the third district court and
from an order refusing a new trial. The opinion states the
facts.

BOREMAN, J.:

The appellant was indicted for assault with a deadly
weapon, and found guilty of assault, and sentenced to im-
prisonment in county jail. The only question in the case
is whether Mrs. Mix should have been called as a witness
by the prosecution. Her name was on the back of the
indictment as one of the witnesses upon whose testi-
mony the indictment was found. She was not called, and,
after all the other evidence for the prosecution had been
introduced, and the prosecution had rested, the appellant
moved the court to compel the production of Mrs. Mix by
the prosecution, and, upon the failure to so produce her,
that the prosecution be dismissed. From the showing
made, it does not appear that the testimony would have
been important. It is true that she witnessed the whole

transaction, and could have detailed what conversation occurred between herself and appellant before the arrival of her husband upon the scene. That conversation is said to have been abusive of her, on his part, and, when he was asked why he did abuse her, he said to Mix, "I will show you;" and, seizing a pitchfork, struck Mix. What occurred after Mix's arrival is shown by his testimony, and that of Parker. What occurred before his arrival was not a part of the affray between appellant and Mix. It no doubt led to Mix's coming there, and asking appellant why he abused his wife. Appellant did not deny that he had been abusive. The testimony on the part of appellant is not given, but in the bill of exceptions it is said to have tended to contradict the testimony for the prosecution. The evidence on the part of the appellant not having been given to us, we conclude that the appellant relies solely upon the point that, no matter what her testimony might have been, her name being on the indictment, it was the duty of the prosecution to have produced her in court. But it appears she was out of the territory, and out of the jurisdiction of the court, and hence it was not in the power of the prosecution to produce her. This is a sufficient reason why she could not be produced in court. The evidence of the other witnesses seems to have given the material facts of the transaction. We see no error in the action of the court below in overruling the appellant's motion to compel the production of Mrs. Mix in court, or to dismiss the prosecution.

The judgment of the court below is affirmed.

ZANE, C. J., and POWERS, J., concurred.